**\*E-FILED: January 10, 2013\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACOB A. METTERS, | No. C10-02532 HRL |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |
| v. | |
| MICHAEL J. ASTRUE, | [Re: Docket No. 26] |
| Defendant. | |

Jacob A. Metters brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner) denying his application for supplemental security income. This court remanded the case, and Metters now moves for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). He also requests an order directing the Commissioner to provide him with notice of any claimed offset that would reduce the amount of the fee award sought. The Commissioner opposes the motion. The matter is deemed suitable for determination without oral argument, and the January 15, 2013 hearing is vacated. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, as well as the arguments of counsel, the court grants the motion in part and denies it in part.

BACKGROUND

Metters filed an application for supplemental security income, claiming disability due to right leg pain, high blood pressure, acid reflux, and a blocked intestine. The application was denied initially and upon reconsideration, and plaintiff requested a hearing before an ALJ.

Following the hearing, the ALJ concluded that Metters is not disabled under the Social Security Act. The ALJ discounted the intensity, persistence, and limiting effects of Metters' alleged symptoms. He ultimately concluded that Metters has the residual functional capacity to perform the full range of medium work as defined in 20 C.F.R. § 416.967(c) and that he is capable of performing past relevant work as a warehouse worker. (AR 14-17). The Appeals Council denied Metters' request for review, and the ALJ's decision became the final decision of the Commissioner.

On appeal to this court, Metters challenged the Commissioner's decision on two grounds. First, he argued that the ALJ's adverse credibility determination was not supported by substantial evidence. Second, he contended that the ALJ failed to explain a discrepancy between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT) as to the exertional requirements of medium work—specifically, whether his past job as a warehouse worker properly is classified as medium or heavy work. Relatedly, Metters argued that the ALJ failed to fully develop the record when he cut short Metters' cross-examination of the vocational expert on that issue.

The court upheld the ALJ's adverse credibility determination. Nevertheless, it agreed with Metters that the ALJ was required to resolve the conflict between the vocational expert's testimony and the DOT with respect to the requirements of medium work and that the failure to do so left the record incomplete. The court remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). Metters, having prevailed on his request for remand, now moves for an award of his attorney's fees under the EAJA.

## DISCUSSION

A. <u>Award of Fees under the EAJA</u>

The EAJA provides that a court shall award fees to a prevailing party in any civil action brought against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). There is no dispute that Metters is a "prevailing party." <u>See</u> <u>Lewis v. Barnhart</u>, 281 F.3d 1081, 1085 (9th Cir. 2002) ("A claimant who obtained a [42 U.S.C. § 405(g)] sentence-four remand would now be considered a prevailing party at the time of remand."). The parties disagree, however, whether the Commissioner's position was substantially justified.

The Commissioner bears the burden of proving that his position was substantially justified. <u>Yang v. Shalala</u>, 22 F.3d 213, 217 (9th Cir. 1994). To meet that burden, the Commissioner must establish that his position had a reasonable basis in both law and fact. <u>Id.</u> (citing <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988)). Analysis focuses on the Commissioner's position with respect to the issue on which the court based its remand. <u>Lewis</u>, 281 F.3d at 1085. "Substantial justification does not mean 'justified to a high degree,' but simply entails that the government must show that its position meets the traditional reasonableness standard—that it is 'justified in substance or in the main,' or 'to a degree that could satisfy a reasonable person.'" <u>Corbin v. Apfel</u>, 149 F.3d 1051, 1052 (9th Cir. 1998) (quoting <u>Pierce</u>, 487 U.S. at 565)). A "position can be justified even though it is not correct," <u>Pierce</u>, 487 U.S. at 566 n.2, and "the government's failure to prevail does not raise a presumption that its position was not substantially justified." <u>Kali v. Bowen</u>, 854 F.2d 329, 334 (9th Cir. 1988).

As noted above, the court remanded this case because it concluded that the ALJ erred when he (1) did not resolve a conflict between the vocational expert's testimony and the DOT as to the exertional requirements of medium work and (2) cut short Metters' cross-examination of the vocational expert on that issue. In a written vocational report filled out by Metters' sister, Metters stated that the heaviest weight he lifted in his past warehouse work was 50 pounds and that he frequently lifted 25 pounds. At the administrative hearing, however, Metters testified

3

1    that the heaviest weight he lifted in that job was 100 pounds. The VE then testified that the
2    warehouse job was medium work; and, on cross-examination by Metters' counsel, she stated
3    that the heaviest weight lifted at the medium exertional level is 100 pounds. On summary
4    judgment, plaintiff correctly noted that the DOT's exertional classifications, which are
5    incorporated into the Commissioner's regulations, state that "[m]edium work involves lifting no
6    more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25
7    pounds." (See Dkt. No. 24, September 28, 2012 Order at 9-10) (quoting 20 C.F.R. §
8    416.967(c)). But when Metters attempted to cross-examine the vocational expert on that point,
9    the ALJ cut the examination short, stating that he agreed that Metters could no longer do his
10   warehouse work and further noting, "I don't see any point—you can ask anything else but, you
11   know, I don't see that it makes any difference whether it's medium or heavy." (Id. at 8).

12   By the time he issued his decision, however, the ALJ changed his mind and concluded
13   that the warehouse job, as it was actually performed, was medium exertional work that Metters
14   could do:

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform his past work. The claimant's exertional levels for his job as warehouse worker do not exceed, and in some instances, are less than those which he has stated were actually performed. (Exh. 2E, p. 3). Vocational expert, Darlene Mcquary testified that the job of warehouse worker under the Dictionary of Titles is no. 922.687.058 with a specific vocational preparation (SVP) of 2-3 depending on whether forklift driver is included in that job description. (Testimony of Darlene Mcquary at Hearing, July 29, 2009). As such, she also testified that the job required a capacity to perform medium level of work as actually performed by the claimant.

21   (Id. at 9 (quoting AR 16-17)).

22   The Commissioner argues that his position in defending the ALJ's decision was
23   substantially justified because Metters' written vocational report supports the finding that the
24   warehouse job was medium work. At most, says the Commissioner, this court found the record
25   to be unclear and that reasonable minds could differ as to the conclusions drawn by the ALJ.
26   Noting that a claimant's testimony about past relevant work is "highly probative" evidence,
27   Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir.1993), the court found that it was not clear why
28   the ALJ credited plaintiff's prior written statement over his testimony.

4

Nevertheless, with respect to the discrepancy between the vocational expert's testimony and the DOT as to the exertional requirements of medium work, the court found the record to be incomplete. On summary judgment, the Commissioner did not dispute that the vocational expert's testimony differed from the DOT's exertional classifications. Instead, he contended that the ALJ did not rely on the vocational expert's testimony that medium work requires lifting up to 100 pounds. However, the ALJ's decision indicates that he did rely on the vocational expert's classification of Metters' warehouse job as medium work—a classification that evidently was based, at least in part, on the vocational expert's understanding that medium work requires lifting up to 100 pounds. An ALJ may not rely on a VE's testimony about the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT and whether there is a reasonable explanation for any deviation. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007). Not only did the ALJ make no such inquiry, he cut off Metters' cross-examination on that issue. Additionally, on summary judgment, the Commissioner mischaracterized the record when he argued that the ALJ gave Metters leave to ask the vocational expert "anything." (See Dkt. No. 19, Commissioner's Cross-Motion for Summary Judgment at 6). The transcript of the hearing revealed that the ALJ said that Metters could ask the vocational expert about "anything *else*,"—i.e., anything other than the issue about whether the warehouse job properly is classified as medium or heavy work.

The Commissioner otherwise repeats his assertion that, had the ALJ reached step five of the sequential analysis, he probably would have found that plaintiff is not disabled anyway. As noted in the remand order, the court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001). This court declines here to make findings as to what the ALJ might have done had the disability analysis proceeded beyond step four.

Accordingly, the court finds that the Commissioner has not carried his burden in proving that his position was substantially justified. Nor has the court been presented with any special circumstances that would make an award unjust.

5

The Commissioner does not separately contest the claimed hourly rates[1] or the reasonableness of the fees being sought. Having reviewed the timesheets and supporting papers submitted by Metters' counsel, the court is satisfied that the requested award is reasonable.[2] Accordingly, the court awards Metters fees in the amount $5560.00. There being no dispute that Metters made a valid assignment of the fees to his attorney, the fees shall be paid directly to Metters' counsel. See Palomares v. Astrue, No. C11-04515 EMC, 2012 WL 6599552 at *9 (N.D. Cal., Dec. 18, 2012) (noting "the common practice that an EAJA fee award is payable to the litigant and not the attorney unless the party does not owe a debt to the government and assigns the right to receive fees to the attorney.") (citing Astrue v. Ratliff, 130 S. Ct. 2521, 2529 (2010)).

B.   Notice of Any Claimed Offset

The only remaining dispute is over the propriety of plaintiff's request for an order requiring the Commissioner to "notify Plaintiff and his attorney within 21 days of this order if it contends that Plaintiff has debt which qualifies for an offset against the awarded fees, as well as the basis for that contention." (Dkt. No. 26, Metters' Proposed Order at 5-6).

The Commissioner says that he "does not, and will not, contend anything regarding offset or debt." (Dkt. No. 27, Opp. at 7). The Commissioner says that he will request that the Department of the Treasury (Treasury) release a check for the EAJA fees award. Any offset for federal debt owed by plaintiff, says the Commissioner, is solely within Treasury's purview. If Treasury determines that Metters does not owe a federal debt, then the Commissioner says that the government will pay the fee award directly to plaintiff's counsel, pursuant to the assignment executed by Metters.

Metters acknowledges that the court is not required to order the Commissioner to provide notice of any offset. And, there appears to be no dispute that if he has a federal debt,

---

[1] Metters' claimed hourly rates of $175, $180 and $183 for services performed in 2010, 2011 and 2012 are in line with the EAJA adjusted maximum rates listed on the Ninth Circuit's website, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

[2] Although issues briefed here have also recently been briefed in other matters, Metters' counsel avers that he has not engaged in any repetitive or duplicative billing in this or any other case. (Dkt. No. 29-1, Weathered Suppl. Decl. at 1).

6

Metters will be given advance notice of any offset pursuant to the procedures set out in 31 U.S.C. § 3716. Moreover, inasmuch as the Commissioner says that he does not have information about any possible federal debt owed by Metters or the basis for it, nor any control over whether any offset is applied, this court declines to require him to provide the requested special 21-days notice to Metters. See Palomares, 2012 WL 6599552 at *10 (declining to require the Commissioner to provide plaintiff with special 21-days notice re any offset since 31 U.S.C. § 3716 applies).

ORDER

Based on the foregoing, Metters' motion for an award of attorney's fees is granted in part and denied in part. Metters is awarded fees in the amount $5,560.00. The fees shall be paid directly to Metters' counsel, subject to any administrative offset due to Metters' outstanding federal debt, if any. Metters' request for an order requiring the Commissioner to provide special notice of any such offset is denied.

SO ORDERED.

Dated: January 10, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:10-cv-02532-HRL Notice has been electronically mailed to:

Daniel Paul Talbert    Daniel.Talbert@ssa.gov

Tom F. Weathered    tweathered@covad.net